IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Omar Handy,                                    :
              Petitioner        :
                                      :
        v.                                 :
                                        :
Pennsylvania Parole Board,                      :    No. 767 C.D. 2021
              Respondent        :    Submitted:  March 4, 2022


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED:  April 13, 2022


Omar Handy (Handy), an inmate at a state correctional institution, petitions for review of a decision of the Pennsylvania Parole Board (Board) issued on June 2, 2021, that affirmed the dismissal of his administrative appeal.[1]  Also before us is the petition of Kent D. Watkins, Esquire (Counsel), to withdraw as Handy's counsel on the ground that the petition for review is frivolous.  For the reasons that follow, we grant Counsel's petition to withdraw, and we affirm the Board's order.

---

[1] As discussed below, Handy argued in his appellate brief that the Board also erred in a decision dated February 10, 2021, in which it denied parole.  *See* Br. of Pet'r at 2-3 & 8-9. However, Handy did not petition for review of that decision.  *See generally* Pet. for Rev.

## I. Background

On October 21, 1999, Handy was sentenced to consecutive sentences of 7 years, 6 months to 15 years for voluntary manslaughter and 3 to 6 years for aggravated assault. Certified Record (CR) at 1. At that time, his minimum parole date was April 21, 2010, and his maximum sentence date was October 21, 2020. *Id.* Handy was released on parole on May 14, 2010. CR at 6. At that time, his maximum sentence date was still October 21, 2020. *Id.*

On March 8, 2011, the Board issued a detainer after Handy was arrested on two new criminal charges (2011 charges). CR at 10-11. On May 19, 2011, the Board recommitted Handy to serve 12 months of backtime, when available, for various technical parole violations, including violations of parole conditions 1 (leaving the district without permission) and 38 (failure to report an arrest within 72 hours). *Id.* at 11. Thereafter, on November 23, 2011, the Board recommitted Handy to serve 6 months of backtime as a convicted parole violator based on his conviction of disorderly conduct on one of the 2011 charges. *Id.* at 13-14. The second of the 2011 charges[2] was dismissed on June 4, 2012. *See id.* at 15. On June 14, 2012, the Board recalculated Handy's maximum sentence date from October 21, 2020 to August 15, 2021. *Id.* at 14.

On November 6, 2014, the Board recommitted Handy to serve 12 months of backtime, when available, for additional technical parole violations, including violations of parole conditions 1 (leaving the district without permission), 5A (use of drugs), and 7 (being in the presence of known drug users and dealers). CR at 45.

---

[2] The petition for review implies this second 2011 charge was firearm related, but the record does not indicate its specific nature. *See* Pet. for Rev., ¶ 21; CR at 15.

On September 9, 2017, Handy was again arrested on new criminal charges. CR at 53 & 55. He was convicted of felony firearms possession, and on September 4, 2019, he received a sentence of 11½ to 23 months. *Id.* at 57, 66, 98 & 109. On September 25, 2019, the Board again issued a detainer. *Id.* at 52. On October 3, 2019, the Board recommitted Handy to serve 18 months of backtime as a convicted parole violator. *Id.* at 104.

On June 8, 2020, the Board recalculated Handy's maximum sentence date as April 8, 2026. CR at 117 & 136. Subsequently, on April 23, 2021, the Board modified its previous action to correct a technical error by removing a duplicative record of the 2019 firearms conviction and recalculating Handy's maximum sentence date to January 14, 2026. *Id.* at 152, 154 & 156. Handy sought administrative relief from the recalculation of his sentence. *Id.* at 157-59. On June 2, 2021, the Board upheld its calculation of a maximum sentence date of January 14, 2026 as correct. *Id.* at 162-65. Handy then filed a petition for review in this Court.

## II. Issues

In his petition for review,[3] Handy asserts that the Board erred in recalculating his maximum sentence date. First, he alleges he is entitled to credit against his original sentence for time he spent in custody between his arrest on criminal charges on March 8, 2011, and the date he was released after the second of the 2011 charges was dismissed on June 4, 2012. Pet. for Rev., ¶ 19. He also contends the dismissal of that charge rendered "void" the Board's recommitment of Handy for technical parole violations during the same time period. *Id.*, ¶ 20. In a

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

related argument, Handy posits that his conviction of disorderly conduct should not expose him to a loss of sentence credit for his time spent at liberty on parole, because "the Common Pleas judge presiding over the conviction was sitting as a Magistrate resolving the case as a summary offense."[4]  Pet. for Rev., ¶ 21.  Handy avers that he has a "statutory right" to credit for his time on parole and that the Board has a "mandatory duty" to provide such credit.  *Id.*, ¶¶ 22-23.

In his brief, Handy also raises an issue not asserted in his petition for review.  He posits that "[t]he Board erred and abused its discretion when it denied [Handy] parole based upon an undefined standard."  Br. of Pet'r at 2-3 & 8-9.

### III. Discussion
### A. Request to Withdraw

Before reviewing the merits of Handy's appeal, we must decide whether Counsel should be permitted to withdraw.  An indigent inmate's right to assistance of counsel does not entitle the inmate to representation by appointed counsel to prosecute a frivolous appeal.  *Presley v. Pa. Bd. of Prob. & Parole*, 737 A.2d 858 (Pa. Cmwlth. 1999).  Consequently, court-appointed counsel may seek to withdraw if, after a thorough review of the record, counsel concludes the appeal is wholly frivolous.  *Id.*  An appeal is wholly frivolous when it completely lacks factual or legal reasons that might arguably support the appeal.  *Id.*

Under our Supreme Court's holding in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), court-appointed counsel seeking withdrawal adequately protects a petitioner's rights where he presents a no-merit letter detailing the nature and extent of his review, listing each issue the petitioner wishes to have raised, and

---

[4] Although Handy describes this as a firearms conviction, Pet. for Rev., ¶ 21, he is apparently referring to his summary conviction for disorderly conduct on one of the 2011 charges, which is the only summary conviction appearing in the record.

explaining why each issue is meritless. If this Court, after its own independent review, agrees with counsel that the petition is meritless, counsel will be permitted to withdraw. *Id.*; *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121 (Pa. Cmwlth. 2005).

**1. Technical Requirements for Withdrawal**

First, Counsel must satisfy the technical requirements set forth in *Craig v. Pennsylvania Board of Probation & Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Pursuant to *Craig*, Counsel must notify the inmate of his request to withdraw, furnish the inmate a copy of a no-merit letter in compliance with *Turner*, and advise the inmate of his right to retain new counsel or raise any points he may deem worthy of consideration. *See Adams*.

Here, Counsel provided Handy with a copy of his no-merit letter. *See* No-Merit Letter, filed 11/24/21, at 10-11. Upon Counsel's filing of his no-merit letter on November 24, 2021, this Court issued an order on December 1, 2021, notifying Handy of his right to retain new counsel or file a brief on his own behalf. Counsel promptly served Handy with a copy of the order. *See* Certificate of Serv., filed 12/1/21. Accordingly, Counsel complied with the technical requirements set forth in *Craig*. *Smith v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 724 C.D. 2016, filed Mar. 3, 2017), 2017 Pa. Commw. Unpub. LEXIS 143 (unreported)[5] (by serving copy of court's order, counsel notified petitioner of right to seek new counsel or file brief on his own behalf); *see also Adams*.

---

[5] Unreported decisions of this Court issued after January 15, 2008 may be cited as persuasive authority, pursuant to 210 Pa. Code §69.414(a).

5

## 2. Sufficiency of Counsel's Analysis

Next, we consider whether Counsel engaged in a sufficient review, addressed each issue Handy wished to have raised, and explained why those issues were meritless. In his no-merit letter, Counsel provided a thorough discussion examining each issue raised by Handy in his petition for review. Our review of the record and Counsel's analysis convinces us he engaged in a careful review of the record and relevant authority.

First, Handy argued that the Board should have given him sentence credit for time he spent in custody following his arrest on the 2011 charges, one of which was later dismissed. Pet. for Rev. ¶ 19. Counsel explained that Handy received 454 days of credit from the arrest date of March 8, 2011 to June 4, 2012, the date the second of the 2011 charges was dismissed. No-Merit Letter, filed 11/24/21, at 2-3 (citing CR at 14-15).

In a related argument, Handy contended that the dismissal of one of the 2011 charges, leaving only the summary offense of disorderly conduct remaining, rendered the Board's recommitment of Handy for technical parole violations "void." Pet. for Rev. ¶ 20. However, Counsel explained that the Board did not recommit Handy based on the dismissed charge, but rather, based on independent violations of parole conditions; therefore, the dismissal of the charge did not affect the validity of the recommitment. No-Merit Letter, filed 11/24/21, at 10; *see* CR at 11.

Finally, Handy asserted that he could not be denied sentence credit in connection with his disorderly conduct conviction on one of the 2011 charges because the presiding judge "was sitting as a Magistrate resolving the case as a summary offense." Pet. for Rev. ¶ 21. Counsel observed that the record indicates the conviction occurred in a court of record, and moreover, that Handy's request for

administrative relief on that issue was untimely. *See* No-Merit Letter, filed 11/24/21, at 3 (citing CR at 30 & 35).

Counsel's analysis, as set forth above, demonstrated that he fully addressed each issue Handy raised,[6] and Counsel explained why each issue was meritless. Further, our review of the record and Counsel's analysis in the no-merit letter provide this Court with a sufficient basis to consider and dispose of the issues Handy raises in the petition for review. *See Commonwealth v. Harris*, 553 A.2d 428 (Pa. Super. 1989) (by providing adequate no-merit letter, counsel ensures meaningful independent review by the court). Accordingly, we proceed to a separate consideration of Handy's arguments.

### 3. Independent Review

Although Counsel filed no brief in light of his request to withdraw, Handy filed a *pro se* brief in support of his petition for review. After careful review of Handy's brief and the record, we agree with Counsel's analysis. We conclude Handy's petition for review lacks factual or legal reasons that might arguably support the appeal.

Regarding Handy's argument that the Board should have given him sentence credit for time he spent in custody following his arrest on March 8, 2011 on the 2011 charges, one of which was later dismissed, Pet. for Rev., ¶ 19, we agree with Counsel that Handy received sentence credit for the period at issue. *See* CR at 14-15. We also agree with Counsel that the Board's recommitment of Handy after

---

[6] We acknowledge that Counsel's no-merit letter did not address Handy's argument that the Board improperly denied him parole "based on an undefined standard." Br. of Pet'r at 8-9. However, Counsel had no notice of this argument, because Handy failed to include it in his petition for review. Counsel fully addressed all issues raised in the petition for review; he could not be expected to address an issue that Handy had not raised. Further, as discussed below, this issue is facially meritless.

7

his arrest on the 2011 charges was based on independent violations of parole conditions and, therefore, that the dismissal of one of the 2011 charges did not affect the validity of the recommitment. *See id.* at 11. Finally, regarding Handy's assertion that he could not be denied sentence credit in connection with his conviction of disorderly conduct based on one of the 2011 charges because the presiding judge "was sitting as a Magistrate resolving the case as a summary offense," Pet. for Rev., ¶ 21, we agree with Counsel that the record states Handy was convicted in a court of record.[7] *See* CR at 30. In addition, we agree that Handy's request for administrative relief on that issue was untimely. *See* CR at 35.

Handy's second issue, denial of parole, is patently without merit. It is well settled that an inmate does not have a right to appeal the denial of parole. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997); *Reider v. Pa. Bd. of Prob. & Parole*, 514 A.2d 967, 971-72 (Pa. Cmwlth. 1986); *see* CR at 35. Accordingly, this Court lacks jurisdiction to consider that issue.

Counsel complied with all technical and substantive requirements for requesting withdrawal. After careful independent review, this Court agrees the petition for review is frivolous. Accordingly, we grant the petition to withdraw.

**B. Disposition of Petition for Review**

As discussed above, following our independent review of the record and applicable law, we agree with Counsel that Handy's petition for review has no merit. Because we conclude the petition for review completely lacks factual or legal

---

[7] *Jackson v. Pennsylvania Board of Probation & Parole*, 951 A.2d 1238 (Pa. Cmwlth. 2008), on which Handy relies, CR at 21, is inapt. In that case, the petitioner submitted documentary evidence that the president judge had issued a special assignment to a common pleas judge to sit as a magistrate for the matter at issue. *Id.* at 1241-42. The record here contains no such evidence.

8

reasons that might arguably support an appeal, we find the petition for review is wholly frivolous. We therefore affirm the Board's dismissal of Handy's request for administrative relief.

## IV. Conclusion

Based on the foregoing discussion, we agree with Counsel that Handy's petition for review has no merit. This complete lack of any merit renders the petition for review frivolous. Accordingly, we grant Counsel's request to withdraw, and we affirm the order of the Board.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Omar Handy,                  :
          Petitioner        :
                             :
       v.                   :
                             :
Pennsylvania Parole Board,    :    No. 767 C.D. 2021
          Respondent    :

## O R D E R

AND NOW, this 13th day of April, 2022, the petition of Kent D. Watkins, Esquire, to withdraw as counsel is GRANTED. The order of the Pennsylvania Parole Board is AFFIRMED.

_____

CHRISTINE FIZZANO CANNON, Judge